J. Andrew Coombs (SBN 123881)
andy@coombspc.com
Nicole L. Drey (SBN 250235)
nicole@coombspc.com
J. Andrew Coombs, A Prof. Corp.
517 East Wilson Avenue, Suite 202
Glendale, California 91206
Telephone: (818) 500-3200
Facsimile: (818) 500-3201

Attorneys for Plaintiff Paramount Pictures Corporation

Evan Shapiro
Rachel Shapiro
c/o Craig N. Johnson
Kutak Rock LLP
1801 California Street, Suite 3100
Denver, Colorado 80202
Telephone: (303) 297-2400
Facsimile: (303) 292-7799

Defendants, *in pro se*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| Paramount Pictures Corporation, | Case No. CV08-3145 CBM (VBKx) |
|---|---|
| Plaintiff, | [~~PROPOSED~~] CONSENT DECREE AND PERMANENT INJUNCTION |
| v. | |
| Evan Shapiro, Rachel Shapiro a/k/a Rachel Klewansky and Does 1 – 10, inclusive, | |
| Defendants. | |

The Court, having read and considered the Joint Stipulation for Entry of Consent Decree and Permanent Injunction that has been executed by Plaintiff Paramount Pictures Corporation ("Plaintiff") and Defendants Evan Shapiro and Rachel Shapiro (collectively "Defendants") in this action, and good cause appearing therefore, hereby:

ORDERS that based on the parties' stipulation and only as to Defendants, their successors, heirs, and assignees, this Injunction shall be and is hereby entered in the within action as follows:

1) This Court has jurisdiction over the parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 101 *et seq.*, and 28 U.S.C. §§ 1331 and 1338. Service of process was properly made against Defendants.

2) Plaintiff claims that it owns or controls the pertinent rights in and to the copyright registrations listed in Exhibit "A" attached hereto and incorporated herein by this reference. (The copyrights identified in Exhibit A are collectively referred to herein as "Plaintiff's Properties.")

3) Plaintiff has alleged that Defendants have made unauthorized uses of Plaintiff's Properties or substantially similar likenesses or colorable imitations thereof.

4) Defendants and their agents, servants, employees and all persons in active concert and participation with them who receive actual notice of the Injunction are hereby restrained and enjoined from:

    a) Infringing Plaintiff's Properties, either directly or contributorily, in any manner, including generally, but not limited to manufacturing, importing, reproducing, distributing, advertising, selling and/or offering for sale any unauthorized product which features any of Plaintiff's Properties ("Unauthorized Products"), and, specifically from:

        i) Importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale the Unauthorized Products or any other unauthorized products which picture, reproduce, copy or use the likenesses of or bear a substantial similarity to any of Plaintiff's Properties;

        ii) Importing, manufacturing, reproducing, distributing, advertising, selling and/or offering for sale in connection thereto any unauthorized

promotional materials, labels, packaging or containers which picture, reproduce, copy or use the likenesses of or bear a confusing similarity to any of Plaintiff's Properties;

iii) Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead or deceive purchasers, Defendants' customers and/or members of the public to believe, the actions of Defendants, the products sold by Defendants, or Defendants themselves are connected with Plaintiff, are sponsored, approved or licensed by Plaintiff, or are affiliated with Plaintiff;

iv) Affixing, applying, annexing or using in connection with the importation, manufacture, reproduction, distribution, advertising, sale and/or offer for sale or other use of any goods or services, a false description or representation, including words or other symbols, tending to falsely describe or represent such goods as being those of Plaintiff.

5) Each side shall bear its own fees and costs of suit.

6) Except as provided herein, all claims alleged in the Complaint are dismissed with prejudice.

7) This Injunction shall be deemed to have been served upon Defendants at the time of its execution by the Court.

8) The Court finds there is no just reason for delay in entering this Injunction and, pursuant to Rule 54(a) of the Federal Rules of Civil Procedure, the Court directs immediate entry of this Injunction against Defendants.

9) The Court shall retain jurisdiction of this action to entertain such further proceedings and to enter such further orders as may be necessary or appropriate to implement and enforce the provisions of this Injunction.

10) The above-captioned action, shall, upon filing by Plaintiff of the Settlement Agreement, Stipulation for Entry of Judgment and Judgment Pursuant to Stipulation,

and requesting entry of judgment against Defendants, be reopened should Defendants default under the terms of the Settlement Agreement.

11) This Court shall retain jurisdiction over the Defendants for the purpose of making further orders necessary or proper for the construction or modification of this consent decree and judgment; the enforcement hereof; the punishment of any violations hereof; and for the possible entry of a further Judgment Pursuant to Stipulation in this action.

DATED: 12/12/08

_Hon. Consuelo B. Marshall_
Judge, United States District Court
for the Central District of California

PRESENTED BY:

J. Andrew Coombs, A Prof. Corp.

By: _Nicole L. Drey_
J. Andrew Coombs
Nicole L. Drey
Attorneys for Plaintiff Paramount Pictures Corporation

Evan Shapiro

By: _Evan Shapiro_
Evan Shapiro
Defendant, *in pro se*

Rachel Shapiro

By: _Rachel Shapiro_
Rachel Shapiro
Defendant, *in pro se*

**Exhibit A**

Paramount Pictures Corporation v. Shapiro, et al.

Exhibit A

| TITLE | COPYRIGHT # |
|---|---|
| BABEL | PA1-340-617 |
| CHARLOTTE'S WEB | PA1-341-173 |
| FLUSHED AWAY | PA1-340-654 |
| GODFATHER, PART 2, THE | LP 44010 |
| GODFATHER, PART III, THE | PA 509-359 |
| GODFATHER, THE | LP 40553 |